## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| CANDICE M. JAMES<br>f/k/a CANDICE MOORE,<br><br>  Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-00023<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CANDICE M. JAMES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Liberty County, Texas, which is within the Eastern District of Texas.

5. As reflected on its website, Defendant is a self-proclaimed debt collector.[1] Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a defaulted credit card debt in the approximate amount of $1,848.00 ("subject debt") that Plaintiff purportedly owed to Synchrony Bank ("Synchrony").

8. Plaintiff incurred the subject debt in order to purchase personal and other consumer goods and/or services.

9. Around the November 2020, Plaintiff began receiving calls to her cellular phone, (832) XXX-3549, from Defendant.

---

[1] https://www.midlandcreditonline.com/who-is-mcm/

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3549. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used several numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (877) 331-6970, (248) 216-1545, (540) 546-0032, (947) 333-9327, (844) 725-5388, (540) 900-2075, (248) 278-0850, and (877) 961-1123.

12. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

13. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject debt.

15. Defendant's harassing collection campaign caused Plaintiff to demand that Defendant cease calling her.

16. Plaintiff informed Defendant that she was in a dire financial situation and was having trouble meeting her most basic of obligations.

17. Despite Plaintiff's prompts, Defendant has continued placing collection calls to Plaintiff's cellular phone through the filing of the instant action.

18. Defendant has placed not less than 20 phone calls to Plaintiff's cellular phone after being told to stop.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses and expenditure of resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    **a.  Violations of FDCPA §1692c and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 20 times after she demanded that it stop calling

her. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 20 times after being notified to stop. Attempting to

5

coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

35. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff CANDICE M. JAMES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

a. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38. Defendant is a "[t]hird-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

39. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

41. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 20 times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

42. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.304

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

44. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated

system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff CANDICE M. JAMES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

b. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

c. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

d. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

f. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

g. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

h. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 20, 2021

Respectfully submitted,

*/s/ Nathan C. Volheim*
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: (630) 568-3056
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com